UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CATO, JR., | CASE NO. 1:02-CV-5486-REC-SMS-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| J. R. WESTPHAL, et al., | (Doc. 62) |
| Defendants. | |

Plaintiff James Cato, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is currently set for jury trial before the Honorable Robert E. Coyle on May 2, 2006, on Plaintiff's Eighth Amendment excessive force claim. On December 1, 2005, Plaintiff filed a motion seeking a preliminary injunction mandating the return of his legal property, following his transfer to the California Correctional Institution. Defendants did not file a response.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the Court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the Court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). This action is proceeding against Defendants Westphal, Mounce, and Velasquez on Plaintiff's excessive force claim stemming from an incident which occurred on April 28, 2001. The issuance of the order sought by Plaintiff in his motion would not remedy the claim alleged in this action. Accordingly, the Court lacks jurisdiction to issue such an order.

In the Court's experience, inmates are initially separated from their property during transfers, but are then issued their property within a relatively short period of time following their arrival at the new institution. Plaintiff filed a motion seeking the attendance of an incarcerated witness on February 6, 2006. In light of the length of time that has passed since Plaintiff's transfer and in light of the motion filed on February 6, it is likely that Plaintiff now has his legal property. If Plaintiff does not yet have any of his legal property, he may notify the Court and the Court will request the assistance of Defendants' counsel in the matter.

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed December 1, 2005, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

///

///

///

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     February 12, 2006**              /s/ Sandra M. Snyder
icido3                              UNITED STATES MAGISTRATE JUDGE